# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1389V

Filed: December 13, 2024

```
*   *   *   *   *   *   *   *   *   *   *   *   *
JONNI GONSO, Special Administrator,          *
Estate of RICHARD MCKENNA,                   *
                                             *
              Petitioner,                    *
                                             *
                                             *
v.                                           *
                                             *
SECRETARY OF HEALTH                          *
AND HUMAN SERVICES,                          *
                                             *
              Respondent.                    *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Edward Kraus, Esq.*, Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Debra Begley, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On September 11, 2019, Richard McKenna ("petitioner")[2] filed a petition for compensation under the National Vaccine Injury Compensation Program.[3] Petitioner alleged that he developed Guillain-Barré Syndrome ("GBS") and brachial neuritis after receiving an influenza ("flu")

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] After petitioner passed away, Jonni Gonso, petitioner's partner and the special administrator of his estate, was substituted as petitioner on September 7, 2023. ECF Nos. 52-53.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

vaccine on September 20, 2016. Stipulation, filed Dec. 12, 2024, at ¶¶ 1-4. Respondent denies that the flu vaccine caused any of petitioner's injuries. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On December 12, 2024, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

A.  **A lump sum of $100,000.00**, in the form of a check payable to petitioner as legal representative of Mr. McKenna's estate; and

B.  **A lump sum of $730.46,** representing reimbursement of a Medicaid lien for services rendered to Mr. McKenna by the State of Indiana, in the form of a check payable jointly to petitioner as legal representative of Mr. McKenna's estate and the Anthem, a third party administrator for Indiana Medicaid, and mailed to:

ANTHEM
C/O Katherine Hettinger, Subrogation Analyst, Sr.
P.O. Box 659940
San Antonio, TX 78265-9939
Re: Richard McKenna, File No. 107786275

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
**************************************
```
| | |
|---|---|
| **JONNI GONSO,** Special Administrator, | * |
| Estate of **RICHARD McKENNA,** | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| **SECRETARY OF HEALTH AND** | * |
| **HUMAN SERVICES,** | * |
| | * |
| Respondent. | * |

**No. 19-1389V**
Special Master Roth

```
**************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. Richard McKenna filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Mr. McKenna died while this case was pending, and Jonni Gonso ("petitioner"), special administrator for the Estate of Richard Mckenna, was substituted as petitioner upon Mr. McKenna's death. The petition seeks compensation for injuries allegedly related to Mr. McKenna's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. McKenna received a flu immunization on September 20, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. McKenna developed Guillain Barré Syndrome (GBS) and brachial neuritis (BN), and that these conditions were caused-in-fact by the September 20, 2016 flu vaccine. Petitioner further alleges that Mr. McKenna experienced residual effects of these alleged injuries for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. McKenna's behalf as a result of his condition.

6.      Respondent denies that Mr. McKenna developed GBS, and denies that his alleged GBS and/or BN, or any other injury, condition, or his death, was caused by the flu vaccine.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.      A lump sum of **$100,000.00** in the form of a check payable to petitioner as legal representative of Mr. McKenna's estate; and

B.      A lump sum of **$730.46**,[1] representing reimbursement of a Medicaid lien for services rendered to Mr. McKenna by the State of Indiana, in the form of a check payable jointly to petitioner as legal representative of Mr. McKenna's estate and the Anthem, a third party administrator for Indiana Medicaid, and mailed to:

ANTHEM
C/O Katherine Hettinger
Subrogation Analyst, Sr.
P.O. Box 659940
San Antonio, TX 78265-9939
Re: Richard McKenna, File No. 107786275

Petitioner as legal representative of Mr. McKenna's estate agrees to endorse this check to ANTHEM.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Indiana may have against any individual as a result of any Medicaid payments the Indiana Program has made to or on behalf of Richard McKenna as a result of his alleged vaccine-related injuries suffered on or about September 20, 2016, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

2

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Richard McKenna's estate under the laws of the State of Indiana. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. McKenna's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Richard McKenna at the time a payment pursuant to this Stipulation is to be made, any such

3

payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Richard McKenna upon submission of written documentation of such appointment to the Secretary.

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as special administrator of the estate of Richard McKenna, on petitioner's own behalf, and on the behalf of the estate and Mr. McKenna's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. McKenna resulting from, or alleged to have resulted from a flu vaccination administered on September 20, 2016, as alleged in a petition for vaccine compensation filed on or about September 11, 2019 in the United States Court of Federal Claims as petition No. 19-1389V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

4

except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Mr. McKenna developed GBS, or that the flu vaccine caused his alleged GBS and/or BN, any other injury, or his death.

17.     All rights and obligations of petitioner hereunder in petitioner's capacity as special administrator of the estate of Mr. McKenna shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

JONNI GONSO

**ATTORNEY OF RECORD
FOR PETITIONER:**

EDWARD KRAUS
KRAUS LAW GROUP, LLC
111 W. Jackson Blvd., Ste. 1700
Chicago, IL 60604
Tel: (312) 858-2177
ekraus@krauslawyers.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by
Jeffrey S. Beach -S
Date: 2024.11.01
15:01:58 -04'00'                for
CPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

Dated: 12/12/2024

6